**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4359**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

DENNIS RAY FAIRFAX,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:13-cr-00058-D-1)

Submitted:  December 19, 2014　　　Decided:  January 6, 2015

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Ray Fairfax pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1) and 924 (2012). The district court sentenced him to ninety-six months' imprisonment, the top of the advisory U.S. Sentencing Guidelines range.

On appeal, counsel for Fairfax has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the substantive reasonableness of Fairfax's sentence. The Government has moved to dismiss the appeal based on the appellate waiver provision in Fairfax's plea agreement. After review of the record, we grant the Government's motion and dismiss the appeal.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

2

Our review of the record confirms that Fairfax knowingly and voluntarily waived the right to appeal his conviction and his sentence, reserving only the right to appeal a sentence in excess of the Guidelines range established at sentencing. The district court imposed a within-Guidelines sentence, and we have examined the record in light of our obligations under Anders and have discerned no unwaived meritorious issues. Therefore, we grant the Government's motion to dismiss.

This court requires that counsel inform Fairfax, in writing, of the right to petition the Supreme Court of the United States for further review. If Fairfax requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fairfax.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

DISMISSED